IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **USAA GENERAL INDEMNITY COMPANY** | **PLAINTIFF** |
| v. | CAUSE NO. 1:17CV361-LG-RHW |
| **JONATHAN LYTLE; USA MEDICAL CENTER; MEMORIAL HOSPITAL AT GULFPORT; REV CLAIMS, LLC; MED TRANS CORPORATION; O'REILLY AUTOMOTIVE, INC.; ALLEGIANCE BENEFIT PLAN MANAGEMENT, INC.; and JOHN DOES 1-20** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING
USA MEDICAL CENTER'S MOTION TO DISMISS AND
FINDING AS MOOT ITS MOTION TO TRANSFER**

**BEFORE THE COURT** is the [6] Special Limited Appearance for the Purpose of Objecting to Jurisdiction, or in the Alternative, to Dismiss or Transfer for Forum Non Conveniens filed by the defendant USA Medical Center, which this Court has construed as a Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, for Transfer.  The defendants Jonathan Lytle and O'Reilly Automotive, Inc., filed a response in opposition that was joined by the plaintiff USAA General Indemnity Company.  USA Medical Center, Lytle, O'Reilly, and USAA also filed supplemental briefs pursuant to an Order [16] entered on April 23, 2018.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that USA Medical Center's Motion should be granted pursuant to the doctrine of sovereign immunity.

## BACKGROUND

On January 28, 2017, Lytle was seriously injured in an automobile accident caused by an uninsured motorist. He was transported to Memorial Hospital in Gulfport, Mississippi, before being transferred to USA Medical Center in Alabama for further treatment. Lytle's medical expenses related to the accident exceed $250,000.

An insurance policy issued by USAA provides for $75,000 in uninsured motorist coverage for the accident. Lytle also had health insurance through the Health Benefit Plan for Employees of Affiliates of O'Reilly Automotive, Inc., which paid some of his medical bills. The O'Reilly Plan is governed by ERISA.

USAA filed this interpleader action asking the Court to adjudicate how the uninsured motorist policy proceeds should be allocated amongst the defendants. USA Medical Center filed the present Motion arguing that it is entitled to sovereign immunity, or in the alternative, the lawsuit should be transferred to the Southern District of Alabama.

## DISCUSSION

The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. The Fifth Circuit has explained that "[t]he Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court . . . ." *Raj v. La. State Univ.*,

714 F.3d 322, 328 (5th Cir. 2013). "The state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Similarly, the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.

USA Medical Center is a hospital operated by the University of South Alabama, a state university. *See generally Sarradett v. Univ. of S. Ala. Med. Ctr.*, 484 So. 2d 426 (Ala. 1986). The Alabama Supreme Court has held that "[t]he operation of a hospital by a State university falls within the realm of sovereign immunity." *Health Care Auth. v. Davis*, 158 So. 3d 397, 427 (Ala. 2013).

The Fifth Circuit has held that Congress exercised its power to preempt state laws when it enacted ERISA. *E-Sys., Inc. v. Pogue*, 929 F.2d 1100, 1102-03 (5th Cir. 1991). Nevertheless, in a subsequent decision, the Fifth Circuit refused to hold that its previous decision in *Pogue* "*sub silentio* deemed ERISA to have abrogated state sovereign immunity," noting that "in any case the opinion [in *Pogue*] does not discuss sovereign immunity." *Fontenot v. McCraw*, 777 F.3d 741, 755 (5th Cir. 2015).[1] As a result, this Court finds that USA Medical Center is entitled to sovereign immunity. USA Medical Center's Motion to Dismiss is granted, and its Motion to Transfer is moot.

---

[1] Although this Court ordered the parties to address the *Fontenot* decision in their supplemental briefs, none of the parties addressed the portion of the *Fontenot* decision that discussed *Pogue*.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [6] Special Limited Appearance for the Purpose of Objecting to Jurisdiction, which this Court has construed as a Motion to Dismiss for Lack of Jurisdiction, filed by the defendant USA Medical Center is **GRANTED**. USAA's claims against USA Medical Center are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that [6] the Motion to Transfer filed by USA Medical Center is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE